# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | | |
|---|---|---|---|
| KAREN POWE, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV411-036 |
| | ) | | CR409-221 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

Karen Powe, who pled guilty to aggravated identity theft and possession of fraudulent identity documents, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) Specifically, she claims that she could not have committed aggravated identity theft since she did not know that the victim existed. Also, she contends that the sentencing judge erred by departing upward from the United States Sentencing Guidelines ("U.S.S.G.") recommended sentence. (Id. at 4-5.) The government responds that both claims are procedurally defaulted and due to be

---

[1] Unless otherwise noted, citations are to the docket in Powe's civil § 2255 case, number CV411-036. "Cr. doc." refers to documents filed under her criminal case, CR409-221. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

dismissed since she did not raise them on appeal (for she did not file an appeal).[2] (Doc. 4.)

Powe's claims are procedurally barred. She may not use a collateral attack as a "surrogate" for a direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *see Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal). The courts have crafted the procedural default rule to address such situations: "a [movant] generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else [she] is barred from presenting the claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234; *Hill v. United States*, 317 F. App'x 910, 913-14 (11th Cir. 2009). Since Powe's claims could have been raised on direct appeal, the Court need not consider them on the merits unless she can establish

---

[2] In addition to raising Powe's procedural default, the government argues that Powe is barred from proceeding via § 2255 under a collateral appeal waiver. (Doc. 4 at 6-7.) The issue is complicated by the sentencing judge's upward departure and statement that at least part of the waiver thus no longer applied:

> Now you waived certain rights to appeal. But I have exceeded that. So you have the right to appeal by virtue of the Court's upward variance from the advisory guidelines.

(Cr. doc. 22 at 27.) The issue need not be reached, however, since Powe's claims fail regardless of the waiver.

cause and prejudice excusing her default (or establish her actual innocence of the crimes). *Lynn*, 365 F.3d at 1234 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000).

Powe has not established cause, prejudice, or actual innocence. She claims she "did not know that [she] could appeal," (doc. 1 at 4), yet the sentencing judge, citing his upward departure, explicitly advised her of her right to do so despite her collateral-appeal waiver (doc. 17 at 6-7):

> Now you waived certain rights to appeal. But I have exceeded that. So you have a right to appeal by virtue of the Court's upward variance from the advisory guidelines.
>
> To appeal, you must file an appeal within ten days of this date. Otherwise, the failure to file an appeal within that time frame will be a loss or waiver of your right to appeal. . . . If you so request, the Clerk of Court will prepare and file a notice of appeal on your behalf.

(Cr. doc. 22 at 27.) Nor can she show that she is actually innocent of the charges based upon her averment that she did not knowingly use the identification of another. (Doc. 1 at 5.) While under oath she admitted to those charges, and she has not even suggested that she was coerced or pressured into pleading guilty or misunderstood the charges when they

were explained to her. In any event, to come within that "exceedingly narrow" exception, *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2007), a movant must present "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). While Powe contends that she is innocent, she puts forward no evidence of actual innocence, so her procedural default cannot be excused on that ground.

In any event, Powe loses on the merits. In Ground 1, she simply states that, "[b]ased on [her] criminal background [she] feel[s] as though an upward departure was not warranted."[3] (Doc. 1 at 4.) Of course, a personal opinion does not a § 2255 claim make. That is why courts consistently hold that such self-serving, conclusory arguments do not merit § 2255 relief, much less a hearing. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d

---

[3] It appears that the sentencing judge *varied* from the guidelines range under 18 U.S.C. § 3553(a), rather than *departing* from the guidelines sentence under the applicable guidelines provisions.

4

1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland v. Washington*, 466 U.S. 668 (1984) ineffective assistance of counsel test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).[4] Absent any argument as to why the variance was unwarranted, this claim fails.

Next, Powe's Ground 2 is noncognizable. She states that she could not be found guilty of aggravated identity theft under 18 U.S.C. § 1028A because she did not know the victim or whether the victim even existed.[5] (Doc. 1 at 5.) In other words, she contends, the evidence was insufficient

---

[4] Rodriguez is binding Eleventh Circuit authority. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

[5] Under 18 U.S.C. § 1028A, the government must prove that the defendant knew the means of identification he unlawfully possessed or used belonged to another person. *Flores-Figueroa v. United States*, ___ U.S. ___, 129 S. Ct. 1886, 1894 (2009).

5

to convict her of aggravated identity theft. Since she pled guilty to aggravated identify theft, that argument is waived and thus also fails. *E.g., United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010) (citing *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998)). By entering her plea, Powe relieved the government of any need to present such evidence. And her recently minted objection flies in the face of the record. Powe, a career fraudster (PSI ¶¶ 38-45), admitted during her plea hearing that she used identification which she knew belonged to another. (Cr. doc. 21 20-21.) Her plea admission, made while under oath, "carr[ies] a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Indeed, in cases like this one, where "the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that [s]he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (affirming district judge's denial of a defendant's motion to withdraw his guilty plea).

Powe's claims are both procedurally barred and meritless. Accordingly, her § 2255 motion (doc. 1) should be **DENIED**. Applying

the Certificate of Appealability (COA) standards, as set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  4th  day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA